CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

8/26/2024
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
    DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:05-cr-00013 |
| v. | MEMORANDUM OPINION |
| CECIL LAMONT GILBERT, | JUDGE NORMAN K. MOON |
| *Defendant.* | |

This matter is before the Court on Cecil Lamont Gilbert's (Petitioner's) motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, Dkt. 46, and the Government's motion to dismiss Petitioner's § 2255 petition, Dkt. 53. For the following reasons, the Court will grant the Government's motion to dismiss, and dismiss the § 2255 petition.

## Background

In 2005, Petitioner was indicted and subsequently pleaded guilty to one count of possession with intent to distribute 50 grams or more of a mixture or substance containing cocaine base. Dkt. 34 at 1. He stipulated to 63.3 grams of cocaine base in his plea agreement. The plea agreement stated that, based upon Petitioner's prior conviction, there was a mandatory minimum sentence of 20 years. *Id.*

In his plea agreement, Petitioner "further agree[d] to waive [his] right to collaterally attack, pursuant to Title 28 United States Code, Section 2255, the judgment and any part of the sentence imposed upon [him] by the Court." Dkt. 34 at 4.[1] Before accepting his plea, the Court

---

[1] The plea agreement further provided that Petitioner "agree[d] that after [his] full and

placed Petitioner under oath to confirm Petitioner was satisfied with his attorney's representation

and that his was a knowing and voluntary plea. Dkt. 54 at 4. The Court and Petitioner then

engaged in the plea colloquy, in which the Court asked, "[h]ave you and your attorney talked

about how the sentencing commission guidelines might apply to your case," to which Petitioner

responded, "[y]es we have." *Id.* at 7. Then the Court asked Petitioner, "do you understand that …

after it has been determined what advisory guideline applies to a case, the judge has the authority

to impose a sentence that is more severe or less severe than the sentence called for by the

guidelines?", and Petitioner responded, "Yes, I do." *Id.* at 7–8.

The Court further asked Petitioner, "[a]nd do you understand that if the sentence is more

severe than you expected, you will still be bound by your plea and you will have no right to

withdraw it?", and Petitioner responded, "Yes, I do." Next, the Court confirmed, "[d]id you read

and understand the agreement before you signed it?," to which Petitioner replied, "Yes, I did."

Finally, the Court asked, and "[h]ow do you plead to the charge: guilty or not guilty?", and

Petitioner responded, "Guilty." *Id.* at 9–12. At the conclusion of the hearing, the Court then made

the finding that "[Petitioner] is fully competent and capable of entering an informed plea, that his

plea of guilty is a knowing and voluntary plea supported by an independent basis in fact

containing each of the essential elements of the offense." *Id.* at 12. Therefore, the Court ruled

that Petitioner's "plea is therefore accepted. And he is now adjudged guilty of that offense." *Id.*

at 12.

The U.S. Probation Office subsequently prepared the presentence investigation report

("PSR"), which concluded that Petitioner was a career offender, that he was subject to a

---

fair sentencing hearing, [he] will not then appeal any sentencing guidelines factors or the court's
application of the sentencing guideline factors to the facts of [his] case." Dkt. 34 at 4.

mandatory minimum sentence of 20 years, and an advisory guideline range between 262 and 327

months. Dkt. 46 ¶¶ 53–54. On January 6, 2006, the Court applied the 18 U.S.C. § 3553(a) factors

and sentenced Petitioner to a term of incarceration of 280 months, to be followed by a ten-year

term of supervised release. Dkt. 38 at 2 (Judgment). Petitioner did not appeal.

In 2020, the Court granted Petitioner's motion for a revised sentence pursuant to the First

Step Act and amended his term of incarceration to time served. Dkt. 83. However, Petitioner—

still subject to a 10-year term of supervised release—sought the Court's resolution of his still-

pending § 2255 motion, presently before the Court. Dkts. 85, 87. For the following reasons,

Petitioner's § 2255 motion is procedurally barred, without merit, and must be dismissed.

<u>Petitioner's § 2255 Motion Is Untimely</u>

A person convicted of a federal offense must file a § 2255 petition within one year of the

latest date on which

(1) the judgment of conviction becomes final;

(2) the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner filed his § 2255 petition over eleven years from the date the judgment of his

conviction became final, and as such the petition is untimely and should be dismissed. *See id.*

To the extent that Petitioner argues that the statute of limitations should be equitably

tolled, the Court concludes that Petitioner has not demonstrated that any "extraordinary

circumstances" prevented Petitioner from filing in a timely manner. *See Holland v. Florida*, 500 U.S. 631, 649 (2016).

It appears that Petitioner contends that his claims are timely because they were filed within one year of the Supreme Court's decision in *Mathis v. United States*, 579 U.S. 500 (2016).[2] And to be sure, a petitioner is entitled to belated commencement of the limitations period under 28 U.S.C. § 2255(f)(3) based upon a right "initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). "*Mathis*, however, is not a new right that triggers the belated commencement of 28 U.S.C. § 2255(f)(3)." *United States v. Smith*, No. 3:15-cr-33, 2020 WL 5552117, at *2 (E.D. Va. Sept. 16, 2020) (quoting *United States v. Brunson*, No. 3:12-cr-113, 2017 WL 1250996, at *2 (E.D. Va. Apr. 3, 2017) (citation omitted)); *United States v. Grubb*, No. 7:00-cr-15, 2017 WL 384701, at *3 (W.D. Va. Jan. 26, 2017). There is further support for that conclusion based upon the Fourth Circuit's holding that "*Mathis* did not change the substantive law of the Supreme Court or [the Fourth Circuit," and therefore did not support a court's consideration of a § 2241 petition.[3] *Ham v. Breckon*, 994 F.3d 682, 696 (4th Cir. 2021). Therefore, lacking any valid argument that would satisfy the timeliness requirement of § 2255(f), the Court must deny this § 2255 petition as untimely.

<u>Petitioner Waived His Right to Collaterally Attack His Sentence</u>

This § 2255 petition also must be dismissed because Petitioner waived his right to

---

[2] The Supreme Court in *Mathis* reaffirmed the approach by which lower courts determine if a prior conviction is an enumerated violated felony set forth in 18 U.S.C. § 924(e)(2)(B)(ii) for purposes of the Armed Career Criminal Act (or, "ACCA").

[3] The district court would only have jurisdiction to consider the § 2241 petition, if the petitioner "demonstrate[d] a retroactive change in settled substantive law subsequent to his direct appeal and first § 2255 motion." *Ham*, 994 F.3d at 684.

collaterally attack his conviction and sentence.

As a general matter, "the right to attack a sentence collaterally may be waived so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) (collecting cases). Whether a waiver is knowing and voluntary depends "upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused." *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992) (citation omitted). In considering whether a waiver is knowing and voluntary, the Fourth Circuit has explained that "a defendant's solemn declarations in open court affirming [a plea] agreement … 'carry a strong presumption of veracity.'" *United States v. White*, 366 F.3d 291, 295 (4th Cir. 2004) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977)). Thus, "in the absence of extraordinary circumstances," a § 2255 motion that attacks "sworn statements made during a … Rule 11 colloquy" will normally be dismissed. *See Lemaster*, 403 F.3d at 221.

The Court finds that Petitioner made a knowing and voluntary waiver of his right to collaterally attack his conviction or sentence. Specifically, in his plea agreement, Petitioner "further agree[d] to waive [his] right to collaterally attack, pursuant to Title 28 United States Code, Section 2255, the judgment and any part of the sentence imposed upon [him] by the Court." Dkt. 34 at 4. Petitioner also agreed that he "will not … appeal any sentencing guidelines factors or the court's application of the sentencing guideline factors to the facts of [his] case." *Id*. Then, at his guilty plea hearing, the Court asked Petitioner's counsel whether Petitioner was waiving his right to collaterally attack his sentence, and he responded, "Yes sir." Dkt. 52 at 9. Similarly, the Assistant United States Attorney advised Petitioner that he was waiving his right to any collateral attack, as a term of the plea agreement. *Id.* The Court asked Petitioner whether he had read and understood the plea agreement before he signed it, and Petitioner responded,

"Yes I did." And the Court further asked Petitioner, "and you understand what they were talking about when they were talking about waivers and that sort of thing in the agreement," to which Petitioner responded, "Yes I have." *Id.* at 9–10. In addition, the Court also asked Petitioner if he "had ample time to consult with [his] attorney?", and Petitioner responded, "Yes, I have." *Id.* at 3. And the Court asked Petitioner if he was "fully satisfied with the counsel, representation, and advice given to [him] in this case by [his counsel]?", and Petitioner responded, "Yes, I am." *Id.* at 4.

Reviewing the record and the applicable law, the Court finds that Petitioner knowingly and voluntarily waived his right to collaterally attack his conviction and sentence. No evidence has been adduced that would even tend to undermine the plain terms of the plea agreement and the statements Petitioner made in the Rule 11 colloquy. Petitioner certainly has not identified, much less substantiated, any extraordinary circumstances that would support negating that clear and valid waiver. Accordingly, given that knowing and voluntary waiver of his right to collaterally attack his conviction and sentence, the Court must enforce that waiver and Petitioner cannot challenge his conviction or sentence in a § 2255 motion. *See Lemaster*, 403 F.3d at 220.

<u>The Merits</u>

Petitioner's § 2255 motion also fails on the merits. Petitioner argues that, in light of the Supreme Court's decision in *Mathis v. United States*, 579 U.S. 500 (2016), his "career-offender based sentence is invalid due to an overbroad statute pursuant to Virginia Code § 18.2-248(A)." Dkt. 46-1 at 2. In Petitioner's view, Virginia's statute "criminalizes conduct that is not included within the guidelines' definition of a 'controlled substance offense.'" *Id.* However, after Petitioner filed his petition (and after the Supreme Court's decision in *Mathis*), Fourth Circuit published precedent foreclosed the argument. In *Ward*, the defendant argued, like Petitioner here,

6

that "Virginia Code § 18.2-248 is overbroad and fails to categorically qualify as a 'controlled substance offense.'" *United States v. Ward*, 972 F.3d 364, 372 (4th Cir. 2020). Yet the Fourth Circuit concluded: "[w]e disagree." *Id.* To the contrary, the Fourth Circuit determined held that "convictions under Virginia Code § 18.2-248 categorically qualify under the ordinary meaning of 'controlled substance offense' in the sentencing guidelines, and therefore the district court had "correctly counted those convictions as predicate offenses for the career-offender enhancement." *Id.* at 374. Therefore, Petitioner did qualify and still qualifies as a "career offender" under the Sentencing Guidelines, U.S.S.G. § 4B1.1.

Conclusion

For the foregoing reasons, Petitioner's § 2255 motion will be dismissed, and the Government's motion to dismiss the petition will be granted, in an accompanying Order, to follow.[4]

The Clerk of Court is directed to send a certified copy of this Memorandum Opinion to the parties.

Entered this ___26th___ day of August, 2024.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] As the Court has ruled on Petitioner's § 2255 motion, Petitioner's motion seeking a ruling on his § 2255 motion will be denied as moot. Dkt. 87.